UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONNIE WALTERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV00449 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Ronnie Walter's Motion to Return Property Pursuant to Rule 41(g) [ECF No. 1], and Defendant United States of America's Motion to Dismiss Plaintiff's Motion [ECF No. 4].

I. **BACKGROUND**

Plaintiff seeks the return of one Glock pistol, two Glock magazines, two partial boxes of .40 caliber ammunition, one Body Armor bullet-proof vest, and a Page Plus cellular telephone. The items sought by Plaintiff were among property seized from Plaintiff's home during the execution of a federal search warrant on February 6, 2008.  Other seized items, including $5,000.00 in United States currency and seven pieces of assorted jewelry, were returned to Plaintiff pursuant to a Settlement Agreement between the parties that was adopted by Court Order in an *in rem* civil forfeiture action initiated by Defendant.  *See United States v. Five Thousand Dollars ($5,000.00) U.S. Currency & Seven Pieces of Assorted Jewelry*, No. 4:08CV00808 RWS (E.D. Mo. Aug. 8, 2008).  As a condition of this Settlement Agreement, Plaintiff reserved the right "to claim, demand, or prosecute a motion for return of property or any related or similar claim or cause of action not mentioned in paragraph 2 above but which is listed

on the search warrant return for the search warrant that was issued for the search of his residence and the firearm listed in paragraph 5b[1] of the Verified Complaint for Forfeiture" [4:09CR00802 ERW, ECF No. 327-1; 4:08CV00808 RWS, ECF No. 1].  The Order Adopting Settlement Agreement dismissed the forfeiture action.  The record indicates that items sought here by Plaintiff, including the firearm, have never been the subject of any forfeiture proceeding.

On December 17, 2009, Plaintiff, his brother Donald Walters, Calvin Wallace, Jose Socorro Castillo-Estrada, Harry Thomas, and David Moore were charged by Indictment with conspiracy to possess with intent to distribute in excess of five (5) kilograms of cocaine[2] [4:09CR00802, ECF No. 1].  The Indictment alleged that Plaintiff was a member of a drug-trafficking conspiracy, that safe houses and other locations were used by some members of the conspiracy to store and distribute cocaine and drug-sale proceeds, and that some members utilized numerous cellular telephones to maintain communication and facilitate their drug-trafficking activity.  The Indictment also contained a Notice of Forfeiture Allegation, which listed certain personal property seized from the charged individuals, including currency and jewelry.

In the fall of 2010, David Moore, Calvin Wallace, Jose Socorro Castillo-Estrada, and Harry Thomas pleaded guilty to conspiracy to possess with intent to distribute in excess of five kilograms of cocaine.  As a condition of their guilty pleas, these co-defendants agreed to forfeit

---

[1]Paragraph 5b states: "One [sic] February 5, 2008, agents observed Ronnie Walters arrive at his residence in a Dodge pickup truck.  Upon exiting the truck, investigators placed Mr. Walters under arrest pursuant to information obtained from the on-going investigation.  Upon questioning, Ronnie Walters told the agents that there was a firearm in the center consol [sic] of the truck and that he had a few thousand dollars on his person.  The agents seized the currency and weapon.  Mr. Walters was asked for permission to search his residence, which he refused to give.  The residence was put under surveillance pending a federal search warrant."

[2]The Indictment charged two additional counts against Calvin Wallace.

specified amounts of currency seized from the defendants, and any other items used to facilitate the commission of the conspiracy.

The Government filed a Motion to Dismiss Indictment as to Plaintiff on October 7, 2011 [4:09CR00802 ERW, ECF No. 321]. Subsequently, Plaintiff filed a pro se Motion Requesting Award of Attorney Fees and Costs Pursuant to the Hyde Amendment Act [4:09CR00802 ERW, ECF No. 327]. The Government filed a Motion to Stay Court's Ruling on Plaintiff's Motion, which was granted pending conclusion of the jury trial scheduled against Donald Walters [4:09CR00802 ERW, ECF Nos. 331, 332].

On January 17, 2012, Donald Walters pleaded guilty to conspiracy to possess with intent to distribute in excess of five kilograms of cocaine [4:09CR00802-3, ECF No. 383]. In his plea, Donald Walters stated that he had delivered to, and hidden in, Ronnie Walters' basement nearly five kilogram bricks of cocaine prior to the Government's seizure of items from Ronnie Walters' house. Donald Walters also agreed to forfeit specified amounts of currency seized from the co-defendants, any other items intended to be used to commit or facilitate the commission of his offense, and any property derived from proceeds obtained directly or indirectly as a result of the offense. This Court accepted Donald Walters' plea, imposing judgment on May 2, 2012. Consequently, all criminal proceedings concerning this matter have terminated.

**II.     DISCUSSION**

Plaintiff filed his Motion for Return of Seized Property on March 6, 2012. In its Motion to Dismiss Plaintiff's Motion [ECF No. 4], Defendant asserts Plaintiff's claim under a Rule 41(g) motion is invalid, arguing that, because Plaintiff no longer faces criminal charges in the underlying cause, he can only assert third-party rights to the forfeited property. Defendant argues that Plaintiff's only recourse is to assert a ownership right in the seized property superior to that

3

of all of his previous co-defendants.  Defendant avers that, failing to do this, Plaintiff lacks standing to assert a claim under Rule 41(g), and instead must assert his claim under the Controlled Substances Act, 21 U.S.C. § 853(n), which provides, in pertinent part, that third parties having an interest in property subject to an order of forfeiture may file a petition requesting a hearing to adjudicate the validity of their alleged interest in the property.

Although Defendant claims that Plaintiff must petition for return of his property as a third party having an interest in property subject to an order of forfeiture, Defendant fails to identify the order of forfeiture to which it refers and the record does not show that the requested items were subject to any such order.  Defendant commenced a civil forfeiture proceeding against other items simultaneously seized from Plaintiff, but settled that proceeding for tactical reasons.  Moreover, the Indictment's forfeiture allegation did not identify the items whose return Plaintiff seeks as being subject to forfeiture, nor, with the possible exception of the cellular phone, did the Indictment allege any facts connecting the items to the offenses to which Plaintiff's co-defendants pleaded guilty.  The Court concludes that Plaintiff's Rule 41(g) Motion is the appropriate avenue to petition for return of his property.

Federal Criminal Rule of Procedure 41(g) authorizes a person whose property has been seized by the government to petition the district court for its return.  Fed. R. Crim. P. 41(g).  Furthermore, Rule 41(g) can be invoked after criminal proceedings have concluded to recover seized property when the property is no longer needed as evidence, and when it has not been forfeited in the course of those proceedings.  *Hairston v. United States*, No. 05-363, 2005 WL 3213906 at *2 (E.D. Mo. Nov. 30, 2005).  Generally, such property, other than contraband, should be returned to the rightful owner after the criminal proceedings have terminated.  *Jackson v. United States*, 526 F.3d 394, 396-97 (8th Cir. 2008).

Defendant argues Plaintiff's Motion fails to support his claim that he is entitled to relief under Rule 41(g), claiming that the requested items are derivative contraband connected to the cocaine distribution by Plaintiff's previous co-defendants, and that Plaintiff is not lawfully allowed to possess the firearm and ammunition pursuant to 18 U.S.C. § 922(g)(8)(C)(ii), because an Order of Protection has been issued against him. Defendant maintains that, for all these reasons, Plaintiff's motion should be dismissed.

In his Memorandum of Law in Opposition to Defendant's Motion to Dismiss [ECF No. 6], Plaintiff asserts that, when criminal proceedings have concluded, an individual from whom property has been seized is presumed to have a right to its return, and that the burden rests with the Government to prove it has a legitimate reason to retain the seized property. Plaintiff avers that, because he was handed a receipt for the items when they were seized during the execution of the search warrant at his residence, he is the presumed owner of the requested items and need not show more.

Plaintiff further states that the items are not "contraband per se" and that Defendant incorrectly claimed that Plaintiff was prohibited from possessing a firearm and ammunition pursuant to 18 U.S.C. § 922(g)(8)(C)(iii). To rebut Defendant's claim that he was not lawfully allowed to possess the weapon and ammunition, Plaintiff submitted a copy of a Protection Order and Judgment showing that the requested relief was denied.

When ruling on a motion to dismiss, the Court must assume that all allegations in the complaint are true, and construe all reasonable inferences in the plaintiff's favor. *Hairston*, 2005 WL 3213906 at *1. A complaint should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*, quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

5

Under Rule 41(g), an individual whose property has been seized by the government may petition the district court for return of the confiscated items:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return . . . The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

The movant must establish lawful entitlement to the seized property. *Jackson*, 526 F.3d at 396. The movant can satisfy this burden by showing that the property was seized from his possession, because a person from whom property is seized is presumed to have a right to its return. *Id.* If the movant meets his burden, the government must then establish a legitimate reason to retain the property, which it may do by showing a cognizable claim of ownership or right to possession adverse to the movant's. *Id.* at 396-97.

The record shows that the firearm was seized from Plaintiff's person when he was arrested on February 5, 2008, and that the other requested items were seized as evidence by law enforcement officers during the execution of a federal search warrant at Plaintiff's residence on February 6, 2008. Additionally, Plaintiff has tendered a purchase receipt, showing that the firearm was sold to him on September 13, 2007, and Defendant acknowledges that the weapon was registered to Plaintiff. Assuming all Plaintiff's allegations in the complaint are true, and construing all reasonable inferences in his favor, because the property was seized from his possession Plaintiff has satisfied his initial burden and is presumed to have a right to its return, unless the government establishes a legitimate reason to retain the requested items. *Hairston*, 2005 WL 3213906 at *1; *Jackson*, 526 F.3d at 396-97.

Defendant has not met its burden. Defendant alleges that Plaintiff is prohibited from possessing the firearm pursuant to 18 U.S.C. § 922(g)(8)(C)(ii), because Plaintiff is subject to a

6

domestic violence restraining order, but Defendant offered no evidence to support its allegation, or to rebut the exhibit offered by Plaintiff showing that a request for an Order of Protection was denied after a hearing.

Although Defendant avers that the requested items are derivative contraband connected to the distribution of narcotics conducted by co-defendants in the underlying criminal matter, Defendant does not allege facts showing that the property is traceable to the crime to which the co-defendants pleaded guilty.  Defendant likewise offers no evidence to support its conclusory allegation.

Federal law provides an avenue by which the government can prevent an individual from regaining possession of items derived from or connected to criminal activity.  *United States v. Felici*, 208 F.3d 667, 671 (8th Cir. 2000).  Pursuant to federal asset forfeiture laws, the government may initiate a forfeiture action against any item used or intended to use to manufacture, contain, or transport controlled substances.  *Id.*  Defendant initiated such an action here, filing a Verified Complaint of Forfeiture against the currency and jewelry.  The items that Plaintiff now seeks to be returned, however, were not listed as being subject to forfeiture, and the Complaint subsequently was dismissed after the parties' settlement agreement was adopted by Court order.

Later, Defendant included a Notice of Forfeiture Allegation in the Indictment filed against Plaintiff and the co-defendants, and specifically set out the real and personal property subject to forfeiture as property constituting, or derived from any proceeds the defendants obtained directly or indirectly as a result of their drug trafficking, listing amounts of U.S. currency seized from the individuals, and several items of jewelry.  Defendant did not list the seized items sought here by Plaintiff as derivative contraband in its forfeiture count.

7

Moreover, the Indictment failed to allege any facts indicating that any of the items were fruits of the drug trafficking, instrumentalities of the crime, or otherwise involved in the commission of the offense to which the co-defendants pleaded guilty. Ultimately, Defendant dismissed the Indictment against Plaintiff, electing not to proceed based on an evaluation of the evidence available at the time of the dismissal.

Defendant does not allege that the firearm and ammunition, or any of the other requested items, are contraband *per se*, and the record indicates Plaintiff was in lawful possession of these items when they were acquired. All other proceedings in the underlying criminal matter have been concluded; consequently, Defendant does not have a need for the property as evidence. On the record before the Court, Plaintiff is entitled to the return of the requested items.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [ECF No. 4] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Return Property Pursuant to Rule 41(g) [ECF No. 1] is **GRANTED**. Defendant is ordered to return the following items to Plaintiff: one Glock pistol, two Glock magazines, two partial boxes of .40 caliber ammunition, one Body Armor bullet-proof vest, and a Page Plus cellular telephone.

Dated this __23rd__ day of July, 2012.

                                                                              E. RICHARD WEBBER
                                                                              SENIOR UNITED STATES DISTRICT JUDGE